# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| STEPHANIE SARVER | : | DOCKET NO. 05-0726 |
| --- | --- | --- |
| VERSUS | : | JUDGE MINALDI |
| THE HARTFORD INSURANCE COMPANY OF THE MIDWEST AND METLIFE | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Presently before the court is plaintiff's Motion to Remand. [doc. # 15].[1]

Plaintiff, Stephanie Sarver, filed this matter in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were: Continental Casualty Co. (incorrectly named in the petition as "Hartford Insurance Co of the Midwest"), and Metropolitan Life Insurance Co. (incorrectly named in the petition as "Metlife"). On April 27, 2005, defendants removed the case to federal court on the basis of federal question jurisdiction. 28 U.S.C. § 1331. On May 25, 2005, plaintiff filed the instant motion seeking to remand solely her claim against Hartford/Continental Casualty due to lack of subject matter jurisdiction.

Plaintiff does not contest that her state law claim against Metlife is completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, which in turn, confers original subject matter jurisdiction. 28 U.S.C. § 1331.[2] It is further uncontested that

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

[2]     [T]he ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367.[3]

The issue here is whether plaintiff's claim against Hartford/Continental forms part of the same case or controversy as plaintiff's claim against Metlife. That is, whether the claims derive from a "common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966). Stated yet another way, if the plaintiff's claims are such that she would ordinarily be expected to try them all in one proceeding, then the federal courts have jurisdiction to hear the whole. *Id.*

In the case *sub judice*, plaintiff is the named beneficiary on two separate life insurance policies issued to Darren Sarver by Metlife and Hartford/Continental. (Petition, ¶ 3). On April 21, 2003, Darren Sarver passed away. (Petition, ¶ 4). Plaintiff contends that the circumstances of his death were such that accidental death benefits are payable under both policies. (Petition, ¶¶ 9-10). Defendants disagree. *Id.*

As plaintiff aptly points out, she certainly *could* have filed separate suits against each defendant. But instead, she elected to join them in the same suit. In fact, both claims arise out of

---

> "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Hence, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court."

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488 (2004)(citations omitted).

[3] *See, Exxon Mobil Corporation v. Allapattah Services, Inc., et al.*, 545 U.S. ___, ___ S.Ct. ___ (2005)("The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties.").

the death of plaintiff's husband.  Moreover, both claims seek a determination that accidental death benefits are payable, albeit under different policies.  Thus, we find that the claims arise from a common nucleus of operative fact.[4]

Under certain circumstances, the district court may decline to exercise supplemental jurisdiction.  *See*, 28 U.S.C. § 1367(c).  However, plaintiff has not advanced any of the exceptions, and nor do we find any applicable at this time.  We further note that when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 534 (1997).  At this stage of the proceedings, the foregoing considerations dictate that plaintiff's claims remain in one forum.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 15] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

---

[4] Besides meeting the constitutional minimum, plaintiff's petition also satisfies the statutory requirements for permissive joinder.  Fed.R.Civ.P. 20; *see, Simoneaux v. Jolen Operating Co.*, 2004 WL 2988506 (E.D. La. 2004)(permissive joinder is proper when the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is a question of law or fact common to all of the defendants that will arise in the action).

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE